An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 21-34-2

Filed 21 January 2026

Cleveland County, Nos. 16CR054918-220, 16CR054919-220, 16CR054920-220, 16CR054922-220, 16CR054929-220

STATE OF NORTH CAROLINA

v.

MARIO WILSON, Defendant.

Appeal by defendant from judgments entered 5 March 2020 by Judge W. Todd Pomeroy in Cleveland County Superior Court. Originally heard in the Court of Appeals 5 October 2021. By opinion issued 7 November 2023, a divided panel of this Court, 291 N.C. App. 279 (2023), reversed and remanded for an adequate *Batson* hearing in light of procedural deficiencies, and thus declined to address whether defendant made a prima facie showing under step one. By opinion issued 17 October 2025, our Supreme Court, 388 N.C. 488 (2025), reversed and remanded this case to this Court with instructions to determine whether the trial court erred.

> *Attorney General Jeff Jackson, by Special Deputy Attorney General Zachary K. Dunn, for the State.*

> *Marilyn G. Ozer, for defendant-appellant.*

DILLON, Chief Judge.

This case returns to our Court following our Supreme Court's decision, *see State v. Wilson*, 388 N.C. 488 (2025), reversing and remanding *State v. Wilson*, 291 N.C. App. 279 (2023), with instructions for this Court to address the remaining issues. For the foregoing reasons, Defendant received a fair trial, free from reversible error.

The background of this case, relevant to the issue at hand, was concisely set out in the Supreme Court's opinion. *See Wilson*, 388 N.C. at 489–493. During Defendant's initial appeal, this Court, in a divided opinion, held the trial court (1) did not err in failing to dismiss Defendant's charges on sufficiency of the evidence grounds, but (2) erred in its "failure to conduct an analysis satisfactory under the procedural requirements established in *State v. Hobbs*[, 374 N.C. 345 (2020)][,]" when analyzing Defendant's *Batson* challenge. *Wilson*, 291 N.C. App. at 296.

Specifically, we concluded the first step of the *Batson* inquiry was mooted after the State provided its reasoning for the peremptory challenges, thereby necessitating the trial court "to engage in a full analysis of Defendant's argument that the State employed its peremptory strikes in a racially discriminatory manner." *Id.* at 293–94. On appeal, our Supreme Court held the trial court "clearly ruled [D]efendant failed to establish a prima facie case[,]" and "the trial court never proceeded to step two" obviating any need to reach step three. *Wilson*, 388 N.C. at 503. The Court instructed us, on remand, to determine "whether the trial court clearly erred in determining [D]efendant failed to establish a prima facie case" under *Batson*. *Id.* Accordingly, our review is limited to this issue.

While on appeal at our Court, the concurring opinion would have concluded the trial court did not err in determining Defendant failed to make out a prima facie showing under *Batson*, but for its conclusion that the trial court proceeded past step one. *Wilson*, 291 N.C. App. at 297 (Dillon, J., concurring) ("The trial court stated that it had determined there had not been a prima facie showing of discrimination during jury selection, thereby implying that it had not moved beyond step one of the *Batson* analysis. And, based on the Record before us, I would hold that the trial court would not be in error for so determining." (emphasis deleted)).

Likewise, the dissenting opinion "[d]iscern[ed] no error" based on the record and concluded "that the trial court's *Batson* ruling falls within the parameters of the great deference afforded to trial judges." *Id.* at 297–300 (Stading, J., concurring in part, dissenting in part) (citations omitted).

Therefore, we hold Defendant received a fair trial, free from reversible error.

NO ERROR.

Judges STADING and FREEMAN concur.

Report per Rule 30(e).